IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY STUCCHIO and<br>VICTORIA STUCCHIO | : <br> : <br> : | CIVIL ACTION |
| v. | : <br> : | |
| ALLSTATE PROPERTY &<br>CASUALTY INSURANCE COMPANY | : <br> : | No. 11-7068<br>No. 12-20 |

**Norma L. Shapiro, J.**                                                                  **April 4, 2012**

### MEMORANDUM

Plaintiffs Anthony Stucchio and Victoria Stucchio ("Stucchios") bring two actions against defendant Allstate Insurance Company ("Allstate") for breach of contract. In both actions, C.A. 11-7068 ("*Stucchio I*") and C.A. 12-20 ("*Stucchio II*"), the Stucchios allege Allstate failed to pay benefits under the Stucchio homeowners insurance policy.

The Stucchios originally brought both actions in the Philadelphia County Court of Common Pleas; *Stucchio I* was filed on October 17, 2011, and *Stucchio II* was filed four days later. Allstate timely removed both actions to this court. The Stucchios move to remand *Stucchio II* to the Court of Common Pleas. *See Stucchio II*, paper no. 4. Allstate moves to consolidate *Stucchio I & II*. *See Stucchio I*, paper no. 6. The court will grant the motion to remand *Stucchio II*, deny the motion to consolidate *Stucchio I & II*, and stay proceedings in *Stucchio I* pending resolution of *Stucchio II* in the Court of Common Pleas.

**I. Background**

    **A.** *Stucchio I*

The Stucchios reside at 24 Skyline Drive, Chalfont, Pennsylvania. Allstate, an Illinois corporation with its principal place of business in Illinois, insured the Stucchio home.

On February 25, 2011, while the Stucchio insurance policy was in effect, a storm damaged the exterior of the Stucchio home and caused water to flow into the interior. The Stucchios estimated it would cost $81,950 to repair damage to the roof, chimney, exterior walls, porch, kitchen, living room, garage, and basement. The Stucchios demanded benefits under the insurance policy, and Allstate refused to pay.

The Stucchios sued Allstate in the Philadelphia County Court of Common Pleas for "an amount in excess of $50,000.00" and attached the $81,950 estimate to their complaint. Allstate, citing diversity and an amount-in-controversy over $75,000, timely removed the action to federal court. *See* 28 U.S.C. § 1332; *Stucchio I*, paper no. 1.

**B. *Stucchio II***

On or about March 10, 2011, while the Stucchio insurance policy was in effect, a plumbing leak caused additional damage to the Stucchio kitchen. The Stucchios estimated it would cost $27,457 to repair this damage.

The Stucchios brought a second action against Allstate in the Court of Common Pleas, limited damages to less than $50,000,[1] and attached the $27,457 estimate to the complaint.

Allstate directed the following requests for admissions to the Stucchios:

    1.    The total actual damages, punitive damages, consequential damages, or any other damages set forth in Plaintiffs' Complaint, being sought in this suit do not exceed Fifty Thousand Dollars ($50,000), exclusive of costs and interest.

    2.    The total actual damages, punitive damages, consequential damages, or any other damages set forth in Plaintiffs' Complaint, being sought in this suit do

---

[1] The action was designated for compulsory arbitration in the Court of Common Pleas. *See* Mot. Remand ¶ 4; *see also* Pa. R. Civ. P. 1021(c) (requiring plaintiff to state whether "the amount claimed does or does not exceed the jurisdictional amount requiring arbitration referral"); 42 Pa. C.S. § 7361 (requiring arbitration referral unless amount-in-controversy exceeds $50,000).

                not exceed Seventy Five Thousand Dollars ($75,000), exclusive of costs and interest.

        3.        The total actual damages, punitive damages, consequential damages, or any other damages set forth in Plaintiffs' Complaint, being sought in this suit do not exceed One Hundred Fifty Thousand Dollars ($150,000), exclusive of costs and interest.

        4.        Plaintiffs are not making a claim for loss of use in this suit.

        5.        Plaintiffs are not making a claim for additional living expenses in this suit.

        6.        Plaintiffs are not making a claim for personal property damage in this suit.

*Stucchio II*, paper no. 1, ex. B. The Stucchios responded: "1-6, inclusive. Denied as the Complaint, being in writing, speaks for itself." *Stucchio II*, paper no. 1, ex. C.

## II. The Stucchio motion to remand *Stucchio II*

The Stucchios argue *Stucchio II* should be remanded to the Court of Common Pleas for lack of subject matter jurisdiction because the amount-in-controversy is less than $75,000 (the jurisdictional minimum for federal diversity jurisdiction under 28 U.S.C. § 1332) as the claim is explicitly limited to less than $50,000. They also argue Allstate cannot prove to a "legal certainty" the amount-in-controversy exceeds $75,000.

Allstate argues *Stucchio II* should not be remanded because: (1) the Stucchios denied that their damages do not exceed $50,000, $75,000, or $150,000; (2) the Stucchios denied they were not making claims for loss of use, additional living expenses, or personal property damage; (3) the Stucchio arbitration recovery may be limited to $50,000 under 42 Pa. C.S. § 7361, but "there is nothing to preclude Plaintiffs from amending their Complaint for higher damages either before Arbitration or after Arbitration if an appeal is filed"; and (4) *Stucchio I & II* are "inextricably

intertwined" because both actions involve the same parties and insurance policy, and the claims for damages overlap and may be duplicative. *Stucchio II*, paper no. 6 ¶ 4.

28 U.S.C. § 1332 provides: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . Citizens of different States . . . ." The Stucchios reside in Pennsylvania, and Allstate is an Illinois corporation; the parties do not dispute they are citizens of different states under § 1332.

28 U.S.C. § 1447(c) provides: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Removal statutes (including § 1447) "are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987). If a party files a motion for remand, the removing party must prove removal is proper. *See Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990).

"In considering whether the amount in controversy of a particular dispute exceeds the jurisdictional minimum, a court should begin its assessment of the amount in controversy by looking to the complaint." *Bailey v. J.B. Hunt Transport, Inc.*, No. 06-240, 2007 U.S. Dist. LEXIS 16941, at *12, 2007 WL 764286, at *3 (E.D. Pa. Mar. 8, 2007). Where a plaintiff expressly limits her claim below the jurisdictional minimum in the complaint, "a defendant seeking removal must prove to a legal certainty that plaintiff *can* recover the jurisdictional amount." *Frederico v. Home Depot*, 507 F.3d 188, 197 (3d Cir. 2007) (*citing Morgan v. Gay*, 471 F.3d 469 (3d Cir. 2006)). A plaintiff is "master of her own claim" and thus "may limit [her]

claims to avoid federal subject matter jurisdiction." *Morgan v. Gay*, 471 F.3d 469, 474 (3d Cir. 2006).

In *Stucchio II*, the Stucchios expressly limited their claim to $50,000—below the jurisdictional minimum for federal diversity jurisdiction under 28 U.S.C. § 1332. For *Stucchio II* to remain in federal court, Allstate must prove to a legal certainty the Stucchio claims can exceed $75,000. *See Morgan v. Gay*, 471 F.3d 469, 474 (3d Cir. 2006). Although the Stucchios denied their damages do not exceed $50,000, $75,000, or $150,000 because the complaint "speaks for itself"—a non-responsive answer to a request for admission—nothing in the complaint or the Allstate response proves to a legal certainty the Stucchio claims can exceed $75,000. Even if the Stucchio answer to the Allstate request for admissions casts doubt on the amount claimed in the complaint, "all doubts should be resolved in favor of remand." *See Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987).

Allstate argues federal jurisdiction is appropriate because the Stucchios could later amend their complaint to seek greater damages. *See Stucchio II*, paper no. 6 ¶ 4. If defendants could remove actions to federal court because plaintiffs *could* amend for higher damages, a plaintiff would no longer be "master of her own claim" and could not "limit [her] claims to avoid federal subject matter jurisdiction." *See Morgan v. Gay*, 471 F.3d 469, 474 (3d Cir. 2006).

Allstate also argues *Stucchio II* is intertwined with *Stucchio I*, properly in this court. *See Stucchio II*, paper no. 6 ¶ 4. Allstate seems to argue for the court to exercise supplemental

jurisdiction over *Stucchio II*; *i.e.*, it would be judicially efficient to exercise jurisdiction over *Stucchio II* because it shares common issues with *Stucchio I*.[2]

The supplemental jurisdiction statute, 28 U.S.C. § 1367(a), provides, in relevant part:

> in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

The statute allows a district court to exercise jurisdiction over state court *claims* related to a federal court action but not separate state court *actions* otherwise unremovable. *See In re Estate of Tabas*, 879 F. Supp. 464, 467 (E.D. Pa. 1995). Because § 1367(a) "is not . . . an independent source of removal jurisdiction[,] . . . [a]n already-existing federal action cannot provide the mechanism for removal of a non-removable state-court action." *Id.*

These actions should be tried together. Both actions involve insurance claims for damage to the same area. There will be an issue in each whether the damage was caused by the same incident or two different incidents. The actions were filed four days apart, and it is not apparent why they could not have been joined originally. Because one action has now been removed to federal court and the other remanded to state court, they cannot be tried together. The only alternative is to try one and then the other to avoid duplicative damages and the possibility of inconsistent verdicts.

The court will allow the action in the Court of Common Pleas to be disposed of first by trial or settlement; this court will then dispose of the remaining action. Although this results in

---

[2] At oral argument, the court stated plaintiff could move for leave to amend the *Stucchio I* complaint to include the *Stucchio II* claim so the court could exercise supplementary jurisdiction. Plaintiff did not do so.

the later filed action being tried first, it also allows plaintiffs their first choice of Common Pleas Court venue.

The Stucchio motion to remand will be granted; *Stucchio II* will be remanded to the Court of Common Pleas, and *Stucchio I* will remain in federal court. Because *Stucchio I & II* share common issues, to avoid duplicative damages and/or inconsistent verdicts the court will stay proceedings in *Stucchio I* pending resolution of *Stucchio II* in the Court of Common Pleas.

### III. The Allstate motion to consolidate *Stucchio I & II*

Because this court has no jurisdiction over *Stucchio II*, the Allstate motion to consolidate will be denied.

### IV. Conclusion

The court will grant the motion to remand *Stucchio II*, deny the motion to consolidate *Stucchio I & II*, and stay proceedings in *Stucchio I* pending resolution of *Stucchio II* in the Court of Common Pleas. An appropriate order follows.